**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| KENNETH BERBERICH, trustee, on behalf of 4499 Weitzman Place Trust, a Nevada Trust, and on behalf of all others similarly situated, ROES 1-20,000, inclusive, and Jeff Brauer, Esq., | Case No. 2:17-cv-00818-JCM-VCF |
| Plaintiffs, | **ORDER** |
| vs. | MOTION TO STAY (ECF NO. 16) |
| HONORABLE JOANNA S. KISHNER, District Judge, | |
| Defendant. | |

This matter involves Plaintiff Kenneth Berberich, trustee, on behalf of 4499 Weitzman Place Trust, a Nevada Trust, and on behalf of all others similarly situated, ROES 1-20,000, inclusive, and Jeff Brauer, Esq.'s (collectively, "Berberich's") civil action against Defendant Honorable Joanna S. Kishner ("Judge Kishner"). Before the Court is Berberich's Motion to Stay Proceedings (ECF No. 16), Judge Kishner's Response (ECF No. 20), and the Berberich's Reply (ECF No. 22). For the reasons stated below, Berberich's motion is denied.[1]

## I. Background

The instant matter originates from an underlying state court proceeding before Judge Kishner. In early 2016, Berberich filed a derivative action in Nevada district court against Berberich's community association for breach of fiduciary duties. *See* ECF Nos. 22, n.6; 5 at 4. Berberich alleges that on July

---

[1] Under 28 U.S.C. § 636(b)(1)(A), this Court is authorized to determine motions to stay proceedings as long as the resulting order does not effectively deny the ultimate relief sought in the case. *See S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013). The decision issued herein does not result in the denial of the ultimate relief sought in this case. Therefore, the Court has the authority to determine the pending motion to stay.

1

28, 2016, he filed a notice to voluntarily dismiss the state court action pursuant to Nev. R. Civ. P. 41(a)(1)(i).[2] *See* ECF No. 5 at 4. Berberich alleges that Judge Kishner signed an order by Berberich on August 1, 2016. *Id*. On August 2, 2016, Berberich claims that he filed Judge Kishner's signed order. *Id*. The next day, Berberich alleges that a defendant in the case filed a Nev. R. Civ. P. 60(b) motion to set aside the August 2, 2016 signed order and for sanctions against Berberich. *Id*. Berberich asserts that at a hearing held on September 6, 2016 for the Nev. R. Civ. P. 60(b) motion, Judge Kishner stated that the underlying case would be dismissed upon filed notice that Berberich had repaid defendants' filing fees. *Id*. That same day, Berberich claims that he filed a notice of repayment of filing fees. *Id*. Also on that same day, Berberich alleges that he filed a notice of entry of order for the court's August 2, 2016 order concerning Berberich's notice of voluntary dismissal. *Id*.

On October 14, 2016, Berberich alleges that Judge Kishner signed an order that (1) reopened the underlying case, (2) struck Berberich's first voluntary dismissal, and (3) denied defendants' request for Nev. R. Civ. P. 60(b) sanctions. *Id*. at 5. On December 22, 2016, Berberich alleges that he filed a second Nev. R. Civ. P. 41(a)(1)(i) notice of voluntary dismissal. *Id*. On December 28, 2016, Berberich claims that Judge Kishner issued a written order to show cause that required Berberich's counsel to appear in person on January 10, 2017, to explain why sanctions should not be issued for failure to comply with the lower court's scheduling of an early case conference. *Id*. At 6:00 A.M. on January 10, 2017, Berberich

---

[2] Nev. R. Civ. P. 41(a)(1)(i) states:

> Subject to the provisions of Rule 23(e), of Rule 66, and of any statute, an action may be dismissed by the plaintiff upon repayment of defendants' filing fees, without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs … Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

2

alleges that he filed notice that he would be unavailable to attend the show cause hearing later that day. *See* ECF No. 5 at 5. Berberich asserts that at that hearing, Judge Kishner stated her intent to sanction Berberich. *Id*. Judge Kishner, according to Berberich, issued a written order on February 24, 2017, that, among other things, sanctioned Berberich, threatened additional, unspecified future financial penalties and other punishment, and dismissed Berberich's amended complaint with prejudice. *Id*.; 22 at 5, 8, 12. On March 9, 2017, Berberich alleges that two of the defendants submitted a motion for attorney's fees.

On March 20, 2017, Berberich filed a notice of appeal regarding the February 24, 2017 order.[3] On the same day, Berberich brought claims in Federal Court against Judge Kishner for negligence, intentional infliction of emotional distress, and for allegedly violating Berberich's due process rights under 42 U.S.C. § 1983. ECF Nos. 1; 5. All of the federal claims stem from actions Judge Kishner allegedly took after Berberich filed notices of voluntary dismissal on August 2, 2016 and December 22, 2016, including Judge Kishner's December 28, 2016 order to show cause and February 24, 2017 order dismissing the amended complaint with prejudice. Berberich asserts that the main issue in the appeal before the Nevada Supreme Court and the instant action is whether Judge Kishner had jurisdiction to issue an order that affected the merits of a case after Berberich filed notice of voluntary dismissal in the absence of a motion to reopen the case. Berberich now moves to stay this action pending the resolution of the state court appeal.

## II. Discussion

### A. Legal Standard for a Stay

A district court has discretionary power to stay proceedings in its own court. *See Landis v. N.A. Co*., 299 U.S. 248, 254-255 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for

---

[3] *See* Notice of Appeal, *Berberich v. S. Highlands Cmty. Ass'n*, No. 72689 (Nev. March 2017).

3

itself, for counsel, and for litigants."); *see also Leyva v. Certified Grocers of California, Ltd*., 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case…"); 7C Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 1838 (3d ed. 2010) ("[W]hether to grant a stay in a particular case is a matter addressed to the sound discretion of the district court.").

In considering a motion to stay, the district court must weigh the competing interests that will be affected by the granting or refusal to grant a stay. Among those competing interests are: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See Lockyer v. Mirant*, 398 F.3d 1098, 1110 (9th Cir. 2005); *see also Landis*, 299 U.S. at 255 ("[I]f there is even a fair possibility that the stay … will work damage to some one else," the moving party "must make out a clear case of hardship or inequity."); *but see Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066 (9th Cir. 2007) ("[C]ase management standing alone is not necessarily a sufficient ground to stay proceedings"). A stay, however, "should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id*. The burden is on the movant to show that a stay is appropriate. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

**B. Whether a *Landis* Stay is Appropriate**

Berberich argues that the issues in this action are "largely a matter of Nevada law" and are "inextricably related" to the appeal now before the Nevada Supreme Court. *See* ECF Nos. 16 at 4; 22 at 8-9. The issue before the Nevada Supreme Court—the scope of a trial court's jurisdiction subsequent to a plaintiff filing a notice of voluntary dismissal and paying the defendant's filing fees under Nev. R. Civ.

P. 41(a)(1)(i)—is one of first impression in Nevada, and Berberich asserts that the Nevada Supreme Court's pending decision "will lend crucial direction and clarity to the disputed matters herein." *See* ECF Nos. 16 at 4, 6; 22 at 8-9.[4] The outcome of the state court appeal, Berberich argues, will significantly impact both the factual and legal disputes at the heart of this action and "there is no reason to rehash these same issues now." *Id*. at 7. According to Berberich, the stay would not prejudice either party because the amended complaint was only recently filed and served. *Id*. Berberich also argues that a stay serves the interests of both parties, as it would narrow the issues for trial, minimize attorneys' fees and costs, and clarify the scope of discovery. *Id*.

Judge Kishner responds that a stay would, among other things, impose unnecessary delay on the resolution of this matter. *See* ECF No. 20 at 5-6. Judge Kishner asserts that Berberich's state court appeal will not resolve this case because no state ruling would terminate or even substantially narrow any federal question presented. *Id*. at 4. And, pointing to Fed. R. Civ. P. 1's directive to secure the just, speedy, and inexpensive determination of every civil action and proceeding, Judge Kishner argues that a stay "would serve no purpose other than the unnecessary delay of a determination that … [she] is entitled to judicial immunity." *Id*. at 4-5. Judge Kishner also directs the Court to her pending Motion to Dismiss which is premised in large part on the issue of judicial immunity. *Id*. at 5-6. Based on the principles undergirding judicial immunity, Judge Kishner argues that an "expeditious resolution of this litigation" is of paramount importance. *Id*.

---

[4] Berberich's amended complaint alleges that after Berberich filed two notices of voluntary dismissal, Judge Kishner "did not have jurisdiction to take any action or issue her challenged orders … because these actions and orders affected the merits of the … case and were done in the absence of a filing … to reopen the … case." *See* ECF Nos. 16 at 7; 22 at 2, 4-5. Berberich thus asserts that whether these actions violated case law will be a central issue in this Court's decision because the "propriety of such actions by [Judge Kishner] … will ultimately be the key factor in an analysis of whether… [Judge Kishner] is entitled to judicial immunity, and that may limit or foreclose defenses that … [Judge Kishner] can assert." *Id*.

5

The Court has considered the various competing interests and finds that a stay of the instant action is not warranted. First, the potential prejudice to Judge Kishner is not insignificant. Immunity provisions are meant to protect judges not just from damages being assessed against them, but from suit itself. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). The United States Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation," making it especially apt for resolution on a motion to dismiss. *See Hunter v. Bryant*, 502, U.S. 224, 227 (1991) (per curiam); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Imbler v. Pachtam*, 424 U.S. 409, 419 n.13 (1976) ("[A]bsolute immunity defeats a suit at the outset."). Judge Kishner's Motion to Dismiss, including Berberich's Response, and Judge Kishner's Reply, are now before the District Court, and the balance of interests strongly favors prompt resolution of that motion. Berberich also asserts that "it is likely the Nevada Supreme Court will issue a decision in early 2018." *See* ECF No. 16 at 3. The Court is not persuaded, however, that resolution of this case should be delayed into early 2018.

Second, Berberich has not established a sufficient case of "hardship and inequity" if the action is not stayed. *See Dependable Highway Exp., Inc*., 498 F.3d 1059, 1066 (9th Cir. 2007) ("if there is even a fair possibility that the stay … will work damage to some one else," the stay may be inappropriate absent a showing by the moving party of "hardship or inequity." (quoting *Landis*, 299 U.S. at 255)). In this case, there is more than a "fair possibility" that the stay will "work damage" to Judge Kishner in light of the paramount importance of resolving immunity questions at the earliest possible stage. Berberich warns of having to rehash the same issues in the state court appeal and this action. At the same time, Berberich acknowledges that "the legal issues and allegations involved in Berberich's state court action … are completely unrelated to and have no overlap whatsoever with the present action in federal court." *See* ECF No. 16 at 7. According to Berberich, discovery has not yet begun in this matter. Being required to participate in a suit if a motion to stay is not granted does not constitute a hardship or inequity. *See*

*Lockyer*, 398 F.3d at 1112.  The Court also notes that Berberich could have filed its motion to stay weeks ago, rather than filing the amended complaint, awaiting the filing of a motion to dismiss, and briefing that motion.

Finally, a stay pending resolution of the state court appeal would allow the Nevada Supreme Court to address the issue of the jurisdiction a trial court has over the merits of a case after a plaintiff files a notice of voluntary dismissal under Nev. R. Civ. P. 41(a)(1)(i).  Even if the Nevada Supreme Court rules in favor of Berberich on that issue, however, the Court is not persuaded that would significantly narrow the questions in the federal proceeding.  The District Court would still need to address Berberich's claims against Judge Kishner for allegedly violating Berberich's due process rights under § 1983, negligence, and intentional infliction of emotion distress.

In light of the competing interests discussed above, the Court declines to exercise its discretion to stay this matter.  Judge Kishner raises issues concerning the applicability of the *Colorado River* and the *Rooker-Feldman* doctrines.  *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  As the Court has denied Berberich's motion to stay, it need not address those issues.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that the Berberich's motion to stay (ECF No. 16) is DENIED.

IT IS SO ORDERED.

DATED this 14th day of June, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE