UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| KENNETH BERBERICH, | Case No. 2:17-CV-818 JCM (VCF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| HONORABLE JOANNA S. KISHNER, | |
| Defendant(s). | |

Presently before the court is defendant Judge Joanna Kishner's ("Judge Kishner") motion to dismiss. (ECF No. 6). Plaintiff Kenneth Berberich ("Berberich") filed a response (ECF No. 13), to which Judge Kishner replied (ECF No. 14).

**I.  Facts**

Plaintiff's instant complaint alleges a § 1983 due process violation based on Judge Kishner's conduct while she presided over plaintiff's state court case. (ECF No. 1). Plaintiff alleges that Judge Kishner, a Nevada district court judge, acted without jurisdiction when she issued an order that dismissed plaintiff's state court complaint and deferred closing the case for sixty days to determine if sanctions or fees were appropriate. (ECF Nos. 1, 7-1).

*A.  The state court proceedings*

In state court, plaintiff's counsel, Jeff Brauer ("Brauer"), filed a complaint against Southern Highland Community Association ("SHCA") and Olympia Management Services, LLC ("Olympia") on February 16, 2016. (ECF No. 6 at 3). Judge Kishner presided over that case. (ECF No. 6 at 3). Four months later, Brauer named Berberich as the sole plaintiff. (ECF No. 6 at 3).

1    On August 2, 2016, plaintiff's counsel filed a proposed order ("August 2nd order") to
2 voluntarily dismiss the state court case. (ECF No. 1 at 4). Defendants motioned to set aside the
3 order the next day. (ECF No. 6 at 6). Defendant SHCA asserted the August 2nd order was not
4 served on all parties, and contradicted a prior agreement between the parties regarding attorney's
5 fees. (ECF No. 6 at 9).

6    During a hearing on September 6, 2017, plaintiff admitted the August 2nd order falsely
7 represented who would pay attorney's fees. (ECF No. 7 at 63). As a result, Judge Kishner
8 struck the August 2nd order from the record, stating "it was improperly submitted to the court."
9 (ECF No. 7 at 67).

10    At the same hearing, Judge Kishner gave plaintiff a chance to resubmit his motion, but
11 reminded him that all future orders needed to reflect an agreement between parties under Nevada
12 Rules of Civil Procedure 41(a)(1). (ECF No. 7 at 78).

13    Just hours later, plaintiff's counsel resubmitted the same August 2nd order as a notice of
14 entry, concealing the ineffective order with a new title, but identical language. (ECF No. 6 at 7).
15 Judge Kishner refused to sign the September 6, 2016, notice of entry, finding it inaccurate and
16 "procedurally defective." (ECF No. 6 at 8).

17    On September 9, 2016, plaintiff filed the first of four petitions for writ with the Nevada
18 Supreme Court. (ECF No. 7 at 82–84). The supreme court asked the trial court to withhold
19 writing an order on its September 6, 2016 ruling; the trial court obliged. (ECF No. 6 at 7). After
20 five weeks, the trial court entered its order striking the August 2nd order and denying SHCA's
21 request for sanctions. (ECF No. 6 at 8).

22    On belief that plaintiff still wanted to dismiss the suit, defendants filed a motion to
23 dismiss on November 7, 2016. (ECF No. 6). Thereafter, plaintiff failed to comply with an early
24 case conference scheduling meeting and asked to reschedule the hearing three times. (ECF No. 6
25 at 8–9). As a result of plaintiff's noncompliance, the Judge Kishner issued a motion to show
26 cause on December 28, 2016. (ECF No. 7 at 100).

27    On December 29, 2016, plaintiff filed a motion to cancel the hearing, claiming the case
28 was properly dismissed in August 2016. (ECF No. 7 at 107). Plaintiff's assertion was

erroneous. (ECF No. 6 at 10). Since Judge Kishner struck the August 2nd order from the record and plaintiff never correctly filed another order, no proper voluntary dismissal existed. (ECF No. 6 at 10). Thus, the case remained open. (*See* ECF No. 6 at 10).

Regardless of plaintiff's incorrect claim, plaintiff's counsel did indicate that he would be present at the hearing scheduled for January 10, 2017. (ECF No. 6 at 10).

The morning of January 10th, Brauer sent an email stating he would not be able to attend the hearing. (ECF No. 6 at 10). Judge Kishner had no choice but to delay the hearing for the fourth time, deferring a ruling until February 24, 2017. (ECF No. 6 at 11).

Plaintiff filed his fourth and final petition for writ on January 17, 2017. (ECF No. 6 at 11). The Nevada Supreme Court denied plaintiff's petition, finding no error with the trial court's actions. (ECF No. 6 at 11).

Judge Kishner ultimately issued an order on February 24, 2017, dismissing plaintiff's claims but refusing to address any non-pending matters. (ECF No. 7-1 at 81). That court also "set forth that it would evaluate the case at a later date" to give the parties more time to assess fees. (ECF No. 7-1 at 83). Defendants in that case filed motions seeking recovery of attorney's fees on March 9, 2017. (ECF No. 6 at 12).

On March 26, 2017, plaintiff "filed a motion seeking to disqualify Judge Kishner from further adjudicating" any pending motions in the state court case, and in doing so, acknowledged her continued jurisdiction. (ECF No. 6 at 12). The presiding chief judge dismissed plaintiff's motion, finding it was not meritorious. (ECF No. 6 at 12).

*B. The instant case*

On March 20, 2017, plaintiff filed the underlying complaint, alleging three claims for relief: (1) a due process violation under 42 U.S.C. § 1983; (2) negligence; and (3) intentional infliction of emotional distress. (ECF No. 1). Plaintiff filed an amended complaint on March 31, 2017. (ECF No. 5).

In the instant motion, Judge Kishner moves to dismiss based on absolute immunity and Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6).

**James C. Mahan**
**U.S. District Judge**

- 3 -

## II. Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. *Id.* However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not

unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

The present motion to dismiss revolves around the question of whether Judge Kishner had jurisdiction over plaintiff's state court claim when she issued an order on February 24, 2017, responding to that defendant's motion to dismiss. (ECF No. 6). This court finds that Judge Kishner acted within her judicial authority and has absolute judicial immunity from the instant action.

In *Stump v. Sparkman*, the United States Supreme Court held that "the governing principle of law is well established that 'a judicial officer, in exercising the authority vested in [her, should] be free to act upon [her] own convictions, without apprehension of personal consequences to [her]self.'" *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)).

A district court judge has general jurisdiction and is not liable for judicial actions unless the act is in "clear absence of all jurisdiction . . . even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* Thus, immunity is meant to apply broadly to all judicial actions, so long as a judge acts with the "authority of jurisdiction." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citing *Stump*, 435 U.S. at 360).

Here, plaintiff asserts that Judge Kishner acted without jurisdiction when she entered the February 2017 order dismissing the case, and allowing opposing parties to file motions seeking attorney's fees. (ECF No. 1).

Under Nev. R. Civ. P. 41(a)(1), a plaintiff may voluntarily dismiss an action by (1) filing a stipulation of dismissal signed by all parties, and (2) repaying the defendant's filing fees.

Plaintiff cannot point to a valid voluntary dismissal. (ECF No. 7 at 102–10). Judge Kishner struck plaintiff's August 2nd order from the record because it was not served on all the parties. (ECF No. 7 at 63). While plaintiff continued to point to the improper August 2nd order (that he attempted to file twice) as a valid voluntary dismissal, Judge Kishner struck it from the

James C. Mahan
U.S. District Judge

- 5 -

record on September 6, 2016. (ECF No. 6). Consequently, no valid voluntary dismissal currently exists and the case was still open on February 24, 2017. (ECF No. 6).[1]

Since plaintiff never properly dismissed his action, Judge Kishner still had jurisdiction over the state court case on February 24, 2016. (ECF No. 7 at 107). Judge Kishner was well within her authority to grant defendants' motion to dismiss and allow SHCA to file motions for attorney's fees because the case was still open in her court. *See* Nev. R. Civ. P. 41(a)(1); (*see also* ECF No. 7).

**IV.    Conclusion**

Finding that Judge Kishner had jurisdiction over plaintiff's state court case on February 24, 2017, she has absolute immunity from the instant action. Further, such deficiency cannot be cured by amendment. Therefore, the court dismisses the complaint with prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Judge Kishner's motion to dismiss (ECF No. 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint (ECF No. 1) be, and the same hereby is, DISMISSED WITH PREJUDICE.

The clerk is instructed to close the case.

DATED July 5, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Even the Nevada Supreme Court found that the district court was the appropriate venue for this action on four separate occasions, consistently denying plaintiff's petitions for writ. (ECF No. 6).